■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CARRION, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO RIVERA, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY VARGAS, Appellant.—Judgment, Supreme Court, Bronx County, rendered January 16, 1975, convicting defendant Jose Carrion, upon a plea of guilty, of manslaughter (first degree), unanimously affirmed. Judgments, Supreme Court, Bronx County, each rendered December 16, 1974, upon a jury verdict, convicting defendant Alberto Rivera of manslaughter (first degree) and possession of a weapon as a felony, and convicting defendant Harry Vargas of murder and possession of a weapon as a felony, unanimously affirmed. At trial, one Luis Vega, who had previously entered a guilty plea to a lesser manslaughter offense admitting that he was one of the three men who fired revolvers at the deceased after the latter had been beaten, testified for the People. Although he initially made a written statement partially exculpating Rivera and Vargas, he subsequently orally recanted his statement in this regard, which recantation was communicated to the People. Prior to trial, defense attorneys were given the written statement of Vega in which he exculpated Rivera and Vargas. However, the District Attorney failed to notify defense counsel of the recantation. On this record and under all the circumstances herein, this failure did not serve to frustrate the right of the defendants to a fair trial. Nevertheless, it patently

would have been better for the Assistant District Attorney who prosecuted this case to have disclosed the recantation. In concluding that the conduct of the Assistant District Attorney prosecuting this case does not warrant disturbance of the convictions, we admonish the People in this regard to disclose recantation statements and to thus frustrate an argument which would otherwise cast doubt on a verdict. The remaining contentions raised by the defendants have been examined and in our opinion do not warrant disturbance of the judgments of conviction. Concur—Kupferman, J. P., Murphy, Lupiano and Nunez, JJ.; Silverman, J., concurs in the following memorandum: I agree that these convictions should be affirmed. I do not think that there is any impropriety in the prosecution's failing to tell the defense that a witness for the prosecution has orally "recanted" a written exculpatory statement of which the defense has been given a copy. By definition, the witness has given testimony in open court inconsistent with the exculpatory prior written statement, before the defense begins cross-examination. So the defense knows that the witness is repudiating the exculpatory version. The direct testimony is itself a "recantation" of the exculpatory version. What then would be added by telling the defense that the witness "recanted" in advance of trial? Everybody knows that the prosecutor has talked with the witness before putting him on the stand and has ascertained what the witness is going to say in his testimony; thus the defense knows that the witness must, expressly or impliedly, have told the prosecutor that the exculpatory version is false. I cannot see either the possibility of unfair surprise or even the materiality of telling the defense that the prosecutor and the witness have had such a conversation.